MICHAEL D. ROUNDS, ESQ.
Nevada Bar No. 4734
MATTHEW D. FRANCIS, ESQ.
Nevada Bar No. 6978
PETER H. AJEMIAN, ESQ.
Nevada Bar No. 9491
SAMANTHA J. REVIGLIO, ESQ.
Nevada Bar No. 14258
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  (702) 382-2101
Facsimile:  (702) 382-8135
Email:   mrounds@bhfs.com
             mfrancis@bhfs.com
             pajemian@bhfs.com
             sreviglio@bhfs.com

*Attorneys for Plaintiff Wynn Resorts Holdings, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WYNN RESORTS HOLDINGS, LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>RESORTS WORLD LAS VEGAS, LLC, a Delaware limited liability company,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1)  Trademark Infringement under 15 U.S.C. § 1114<br>(2)  Unfair Competition under 15 U.S.C. § 1125(a)<br>(3)  Trademark Dilution under 15 U.S.C. § 1125(c)<br>(4)  State Trademark Dilution under NRS 600.435<br>(5)  Copyright Infringement under 17 U.S.C. § 501 *et seq.*<br><br>**JURY DEMAND** |

Wynn Resorts Holdings, LLC ("Plaintiff" or "Wynn"), for its Complaint against Resorts World Las Vegas, LLC ("Resorts World" or "Defendant"), a Delaware limited liability company, alleges the following:

## NATURE OF THE CASE

1.  This is an action for trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), trademark dilution under 15 U.S.C. § 1125(c), state trademark dilution under NRS 600.435, and copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.*. This Court's assertion of subject matter jurisdiction over this case is proper pursuant to 15 U.S.C. §§ 1119 and 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331, 1338, and 1400.

2.  This action arises out of Defendant's unlawful and unauthorized adoption and use of the Plaintiff's registered and world famous architectural building design consisting, in relevant part, of a three-dimensional building with concave facade, and curved, bronze glass, coupled with horizontal banding above and between the lines of glass panes ("Plaintiff's Trade Dress").

3.  The design of Defendant's new Resorts World Las Vegas hotel and casino directly across the street from Plaintiff's world famous Wynn and Encore resort hotel casinos is substantially and confusingly similar to Plaintiff's Trade Dress and copyrighted architectural work, which Plaintiff has used in conjunction with its resort hotel and casino services in the United States and abroad for many years.

4.  By using trade dress that is confusingly similar to Plaintiff's registered and common law Trade Dress in connection with the same or highly similar hotel and casino services that are offered by Plaintiff, Defendant is misleading the consuming public into falsely believing that it is affiliated with, sponsored by or associated with Plaintiff, when it is not.

5.  Additionally, the architectural design embodied in Defendant's Resorts World Las Vegas hotel and casino is substantially similar to Plaintiff's registered copyrighted architectural work, and therefore Defendant is violating Plaintiff's copyrights in addition to Plaintiff's registered and common law Trade Dress.

6.  Through this action, Plaintiff seeks damages, attorneys' fees, costs, temporary, preliminary and permanent injunctive relief, and other additional relief.

## PARTIES

7.  Plaintiff Wynn Resorts Holdings, LLC is a Nevada limited liability company doing business in Las Vegas, Nevada.

8. Plaintiff is informed and believes and thereon alleges that Resorts World has its principal place of business located at 3000 South Las Vegas Boulevard, Las Vegas, Nevada 89109.

9. Resorts World registered to do business in Nevada with the Nevada Secretary of State on March 25, 2013, and is listed as Entity No. E0152172013-1.

## JURISDICTION AND VENUE

10. This Court's assertion of personal jurisdiction over Defendant is proper based upon its purposeful aiming of infringing conduct at Plaintiff and Nevada residents in the State of Nevada, which is causing and will continue to cause Plaintiff irreparable harm. Specifically, Defendant purposefully aimed its activities toward the Plaintiff and the residents of the District of Nevada when it willfully commenced infringing Plaintiff's intellectual property rights, knowing that Plaintiff is headquartered in the District of Nevada and that its residents regularly visit the Wynn and Encore properties there. Furthermore, Defendant's infringing activities are taking place in Las Vegas, Nevada, where Resorts World has its principal place of business, in eyeshot of Plaintiff's Wynn and Encore buildings.

11. Venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b), and 1400(a), because the Defendant conducts business in this judicial district, it or its agents or affiliates can be found in this judicial district, and acts giving rise to this Complaint have taken place in this judicial district.

## PLAINTIFF'S RIGHTS IN ITS TRADE DRESS AND COPYRIGHT

12. Plaintiff's affiliates own and operate the Wynn Las Vegas ("WLV") and Encore Las Vegas ("Encore") luxury resorts, casinos and hotels in Las Vegas, Nevada, which hold more Forbes five-star awards than any other hotel and casino resort in the world, and are considered to be among the finest hotels in the world.

13. WLV opened on April 28, 2005, and the Encore opened on December 22, 2008. Since WLV opened in 2005, Plaintiff's affiliates have offered, and continue to offer, the highest quality gaming, hotel resort, casino, restaurant, bar, spa and entertainment services to millions of consumers from Nevada and around the world. The two properties are not only known for the highest quality services and goods offered within those respective properties, but also for the

distinctive architectural designs and Trade Dress, which attract consumers to the properties. Both properties are known for their concave facades, and curved, bronze glass, coupled with horizontal banding above and between the lines of glass panes (i.e., Plaintiff's Trade Dress). Photographs of the WLV and Encore appear below:

 

14. Plaintiff's rights in its famous WLV and Encore buildings are not only protected by the common law, but also by incontestable United States Trademark Registration No. 3,195,978 ("'978 Reg."), which registered on January 9, 2007. A copy of the '978 Reg. is attached hereto as Exhibit A.

15. Since adopting its distinctive architectural designs and Trade Dress, Plaintiff has continuously used such designs and trade dress at its WLV and Encore properties, and has also expanded use of such designs and trade dress abroad at the Wynn Macau located at Rua Cidade de Sintra, NAPE, Macaue, which opened on September 6, 2006. *See* https://www.wynnmacau.com. The same design implemented for the WLV and Encore in Las Vegas, Nevada was adopted for the Wynn Macau. *Id.* A photograph of the Wynn Macau, which contains Plaintiff's Trade Dress, appears below:



16. In addition to the WLV, Encore, and the Wynn Macau, Plaintiff's same Trade Dress is currently being implemented for the Encore Boston Harbor, which is scheduled to open in June of 2019. *See* http://www.encorebostonharbor.com/. A rendering of the Encore Boston Harbor appears below, as does a photograph of the construction of the resort:

 

17. Millions of people from around the world have visited or stayed in Wynn and Encore properties, and the gross revenue generated from the WLV and Encore in Las Vegas alone to date exceeds $20 billion. As a result, Plaintiff's Trade Dress has attained worldwide recognition and fame.

5

18. Based on its federal trademark registration and extensive use of the Plaintiff's Trade Dress, Plaintiff owns the exclusive right to use Plaintiff's Trade Dress in Nevada and throughout the United States in connection with its resort hotel and casino services, and related services and goods including: entertainment services in the nature of live performances by singers, comedians, dancers, and musical groups; resort hotel, restaurant, bar and lounge services; and health spa, namely, cosmetic body care services; and beauty salons.

19. Based on Plaintiff's extensive and exclusive use of its Trade Dress in commerce, Plaintiff also owns common law rights in its Trade Dress for the same services identified in paragraph 18 above.

20. Plaintiff's Trade Dress is non-functional and designed for aesthetic purposes, was inherently distinctive at the time Plaintiff began using it in commerce, and remains inherently distinctive to this day. Since the opening of the WLV in Las Vegas in 2005, Plaintiff's Trade Dress has become well known throughout the United States and abroad and has acquired secondary meaning.

21. In addition to Plaintiff's Trade Dress, Plaintiff is the author and owner of the architectural design entitled "Wynn Resort Hotel Casino Architectural Design Construction complete 2005," which was created in 2005, and which is protected by U.S. Copyright Registration No. VAu644-301 ("'301 Reg."). A copy of the '301 Reg. is attached hereto as Exhibit B. The deposit materials for the '301 Reg. show the architectural design of the WLV resort hotel casino, which has been visible to the public since at least 2005.

22. Since the WLV (and Encore) and its architectural design have been in public view since at least 2005, Defendant has had access to Plaintiff's novel architectural design since 2005.

**DEFENDANT'S INFRINGING ACTIVITIES**

23. Defendant is in the process of constructing its Resorts World Las Vegas hotel and casino directly across the street from the WLV and the Encore in Las Vegas, Nevada. Recently, Defendant has commenced installing curved, bronze glass, coupled with horizontal banding above and between the lines of glass panes on its building, which has a concave facade.

Photographs of Defendant's current construction appear below (*see also* Exhibit C below):







24. As evidenced by the photographs above, and in Exhibit C, Defendant is constructing a substantially similar architectural design to that of the WLV with confusingly similar trade dress, consisting of a concave facade, and curved, bronze glass, coupled with horizontal banding above and between the lines of glass panes.

25. By virtue of Plaintiff's '978 Reg. and '301 Reg., and the fact that the WLV and Encore are across the street from Defendant's new hotel and casino, at a minimum, Defendant has been on actual notice of Plaintiff's distinctive trade dress and copyright rights for many years, and prior to commencing construction.

26. Defendant did not obtain Plaintiff's consent or authorization to use the Wynn Trade Dress or copyrighted architectural design in connection with resort, hotel, casino, entertainment, lounge, bar and restaurant services. Instead, upon information and belief, Plaintiff alleges that Defendant and/or its principal(s) visited a Las Vegas, Nevada architect and requested that they produce an identical or substantially similar architectural design and trade dress for purposes of trading upon the goodwill and reputation of Plaintiff's famous trade dress and architectural design.

27. Plaintiff is informed and believes and thereon alleges that by using the infringing trade dress in connection with soon-to-be competing resort hotel and casino services, as well as Plaintiff's copyrighted architectural design, Defendant was and is attempting to trade on the goodwill associated with Plaintiff's Trade Dress and infringe Plaintiff's copyright rights. Media outlets have noticed the striking similarity between the WLV and Encore on the one hand, and Resorts World's new construction on the other. *See* https://vitalvegas.com/resorts-world-is-making-striking-progress/, attached hereto as Exhibit C, noting that: "[o]bservers have noted the similarity between the look of Resorts World and that of Wynn and Encore, just across the street (see below)"; "If imitation is the sincerest form of flattery, Wynn should feel very flattered right about now;" and "We've heard Genting Group, owners of Resorts World, may make a play to purchase Wynn Resorts, so the similarity because (sic) the hotels could very well be intentional." In addition, there have been numerous instances of confusion as to an affiliation between WLV/Encore and Resorts World expressed by at least Wynn employees, users of social media and the media itself.

28. Plaintiff is informed and believes and thereon alleges that by using the infringing trade dress in connection with soon-to-be competing resort hotel and casino services, Defendant was and is intentionally attempting to create an association between its services and the services associated with Plaintiff in a manner that is likely to harm the goodwill represented by Plaintiff's Trade Dress.

29. Defendant's infringing trade dress creates a likelihood of confusion as to the source, affiliation, connection to or sponsorship of the Plaintiff's Trade Dress and accompanying services.

30. Plaintiff is informed and believes and thereon alleges that Defendant adopted the Wynn trade dress to willfully trade on the goodwill and reputation of Plaintiff's Trade Dress.

31. Plaintiff is informed and believes and thereon alleges that Defendant did not believe or have reasonable grounds to believe that use of its infringing trade dress was a fair use or was otherwise lawful.

## FIRST CLAIM FOR RELIEF

**(Federal Trade Dress Infringement – 15 U.S.C. § 1114)**

32. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

33. Plaintiff is the owner of Plaintiff's Trade Dress, which is nonfunctional, and is protected by the incontestable '978 Reg.

34. Plaintiff's Trade Dress was inherently distinctive upon adoption and use and has also acquired secondary meaning.

35. Defendant's use of its almost identical trade dress for the architectural design of its new Resorts World Las Vegas hotel and casino, which will offer the same or similar services to those protected by the '978 Reg., is likely to cause confusion, to cause mistake, or to deceive in violation of 15 U.S.C. § 1114(1).

36. As a direct and proximate result of Defendant's infringement of Plaintiff's federally-registered trade dress, Plaintiff has suffered, and will continue to suffer, monetary injury and irreparable injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As a result, in addition to monetary damages, Plaintiff is entitled to temporary, preliminary

and permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in its Trade Dress.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))**

37. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

38. Plaintiff is the owner of Plaintiff's Trade Dress, which is nonfunctional.

39. Plaintiff's Trade Dress was inherently distinctive upon adoption and use and has also acquired secondary meaning.

40. Defendant's use of its almost identical trade dress for the architectural design of its new Resorts World Las Vegas hotel and casino, which will offer the same or similar services to those offered by Plaintiff, is likely to cause confusion, to cause mistake, or to deceive in violation of 15 U.S.C. § 1125(a).

41. As a direct and proximate result of Defendant's infringement of Plaintiff's federally-registered trade dress, Plaintiff has suffered, and will continue to suffer, monetary injury and irreparable injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As a result, in addition to monetary damages, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in its Trade Dress.

## THIRD CLAIM FOR RELIEF

**(Federal Trademark Dilution –15 U.S.C. § 1125(c))**

42. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

43. Plaintiff's Trade Dress is inherently distinctive.

44. Based on Plaintiff's continuous and extensive use of Plaintiff's Trade Dress, Plaintiff's Trade Dress are entitled to be recognized as famous under 15 U.S.C. § 1125(c).

45. Defendant began using in commerce its infringing trade dress after Plaintiff's Trade Dress became famous.

46. Defendant's unauthorized use of its infringing trade dress is likely to cause dilution of the distinctive quality of Plaintiff's Trade Dress, the goods and services associated with the Trade Dress, and the goodwill associated with Plaintiff's Trade Dress, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47. Plaintiff is informed and believes and thereon alleges that Defendant's actions were willful in nature, in that Defendant willfully intended to trade on Plaintiff's reputation or to dilute Plaintiff's Trade Dress.

48. As a direct and proximate result of Defendant's actions and infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

49. In addition to monetary damages, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in Plaintiff's Trade Dress.

## FOURTH CLAIM FOR RELIEF

**(State Trademark Dilution—NRS 600.435)**

50. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

51. Plaintiff's Trade Dress is inherently distinctive or has acquired distinctiveness through Plaintiff's extensive use.

52. Based on Plaintiff's continuous and extensive use of Plaintiff's Trade Dress in the State of Nevada, Plaintiff's Trade Dress is entitled to be recognized as famous under NRS 600.435(2).

53. Plaintiff is informed and believes and thereon alleges that Defendant began using, in commerce, its infringing trade dress after Plaintiff's Trade Dress became famous in the State of Nevada.

54. Defendant's unauthorized use of the its infringing trade dress is likely to cause dilution of the distinctive quality of Plaintiff's Trade Dress, the goods and services associated with

the Trade Dress, and the goodwill associated with Plaintiff's Trade Dress, in violation of NRS 600.435(1)(b).

55. Plaintiff is informed and believes and thereon alleges that Defendant's actions were willful in nature, in that Defendant willfully intended to cause dilution of Plaintiff's Trade Dress or willfully intended to trade on Plaintiff's reputation.

56. As a direct and proximate result of Defendant's actions and infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

57. In addition to monetary damages, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in Plaintiff's Trade Dress.

## FIFTH CLAIM FOR RELIEF

### (Copyright Infringement –17 U.S.C. § 501 *et seq.*)

58. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

59. Defendant has committed copyright infringement under 17 U.S.C. § 501 *et seq.*, directly, by inducement, or by way of contributory liability, by knowingly aiding, causing, or committing, the unauthorized practice or execution of one or more exclusive rights owned by Plaintiff set forth in 17 U.S.C. § 106, said exclusive rights having been perfected by the '301 Reg.

60. On information and belief, Defendant's direct and induced infringements are and have been knowing and willful. By this unlawful copying, use, and distribution, Defendant has violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

61. Defendant has realized (and/or will realize) unjust profits, gains and advantages as a proximate result of its infringement.

62. As a direct and proximate result of Defendant's direct and indirect willful copyright infringement, Plaintiff has suffered (and/or will suffer), monetary loss and irreparable injury to its business, reputation, and goodwill.

63. Plaintiff is entitled to recover from Defendant, in amounts to be determined at trial, the damages Plaintiff has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts of infringement and Defendant's use and publication of the copied work, as well as temporary, preliminary and permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in its copyrighted work.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. That the Court enter judgment against Defendant, finding that:

　　1. Defendant infringed Plaintiff's rights in its federally registered Trade Dress ('978 Reg.") in violation of 15 U.S.C. § 1114;

　　2. Defendant infringed Plaintiff's rights in its Trade Dress in violation of 15 U.S.C. § 1125(a);

　　3. Defendant infringed and diluted Plaintiff's Trade Dress in violation of 15 U.S.C. § 1125(c)

　　4. Defendant infringed and diluted Plaintiff's Trade Dress in violation of NRS 600.435;

　　5. Defendant infringed Plaintiff's copyright rights in the '301 Reg. in violation 17 U.S.C. § 501 *et seq.*;

B. That the Court enter judgment against Defendant that the above acts, A(1)-(3), were willful and intentional making this an exceptional case;

C. That the Court issue a temporary, preliminary and permanent injunction prohibiting Defendant, Defendant's respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendant, from (1) using or contributing or causing the use of Plaintiff's Trade Dress or any confusingly similar variations thereof, or any other trade dress or trademarks or service marks that are confusingly similar to Plaintiff's Trade Dress; and (2) directly or indirectly using, or contributing or aiding the copying or use of Plaintiff's copyrighted architectural work protected by the '310 Reg.;

D. That the Court enter an order requiring Defendant to deliver to Plaintiff for destruction any and all advertising and promotional materials in Defendant's possession, custody or control, which contain the infringement trade dress and infringing copyrighted material;

E. That the Court enter an order requiring Defendant to remove any materials or goods that constituted infringing trade dress from its Resorts World Las Vegas hotel and casino that is currently under construction;

F. That Plaintiff be awarded damages for Defendant's trade dress infringement, dilution, and copyright infringement;

G. That Plaintiff be awarded all profits resulting from Defendant's trade dress infringement, dilution, and copyright infringement;

H. That Defendant be ordered to account for and disgorge to Plaintiff all amounts by which the Defendant has been unjustly enriched by reason of the unlawful acts complained of;

I. That Plaintiff be awarded damages resulting from Defendant's infringement, unfair competition, and dilution in accordance with the provisions of 15 U.S.C. § 1117 and NRS 600.430;

J. That damages resulting from Defendant's infringement, unfair competition, and dilution under the Lanham Act and the Nevada Revised Statutes be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117 and NRS 600.430;

K. That the Court issue an award of actual damages and any profits of the Defendant attributable to the infringing acts alleged herein, consistent with 17 U.S.C. § 504(a)(1), or, upon election, an award of statutory damages consistent with 17 U.S.C. § 504(a)(2);

L. That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of the Defendant to the community;

M. That Plaintiff be awarded an amount sufficient to reimburse Plaintiff for costs of corrective advertising;

N. An award of full costs and reasonable attorneys' fees against Defendant pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, and NRS 600.430;

O. For pre-judgment interest on all infringement and any other appropriate damages; and

P.  For such other or further relief as the Court may deem just and proper.

DATED this 21st day of December, 2018.

                                          BROWNSTEIN HYATT FARBER SCHRECK, LLP

                                          By: /s/ *Michael D. Rounds*
                                          MICHAEL D. ROUNDS, ESQ.
                                          MATTHEW D. FRANCIS, ESQ.
                                          PETER H. AJEMIAN, ESQ.
                                          SAMANTHA J. REVIGLIO, ESQ.
                                          100 North City Parkway, Suite 1600
                                          Las Vegas, NV  89106-4614
                                          Telephone:  702.382.2101
                                          Facsimile:   702.382.8135

                                          *Attorneys for Plaintiff Wynn Resorts Holdings, LLC*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Wynn Resorts Holdings, LLC hereby demands a jury trial on all issues triable by jury.

DATED this 21st day of December, 2018.

        BROWNSTEIN HYATT FARBER SCHRECK, LLP

        By: /s/ *Michael D. Rounds*
        MICHAEL D. ROUNDS, ESQ.
        MATTHEW D. FRANCIS, ESQ.
        PETER H. AJEMIAN, ESQ.
        SAMANTHA J. REVIGLIO, ESQ.
        100 North City Parkway, Suite 1600
        Las Vegas, NV 89106-4614
        Telephone: 702.382.2101
        Facsimile: 702.382.8135

        *Attorneys for Plaintiff Wynn Resorts Holdings, LLC*

## INDEX OF EXHIBITS

1.  United States Patent and Trademark Office Reg. No. 3,195,978        1 Page

2.  United States Copyright Office Certificate of Registration VAu644-301        14 Pages

3.  Resorts World is Making Striking Progress (article)        7 Pages